**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>DONALD JACOB BURRS, JR. and<br>JOYCE MELINDA BURRS | CHAPTER 13<br><br>CASE NO. 1:22-BK-02516-HWV<br><br>☐ ORIGINAL PLAN<br>2nd AMENDED PLAN (indicate 1st, 2nd 3rd, etc.)<br><br>0 number of Motions to Avoid Liens<br>0 number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The Plan contains nonstandard provisions, set out in §9, which are not included in the standard Plan as approved by the US Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
| 2 | The Plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The Plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G. | ☐ Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this Plan, you must file a timely written objection. This Plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. **Plan Payments from Future Income**

    1.  To date, the Debtor paid $1,863.00 ($0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the Plan the following payments. If applicable, in addition to monthly Plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base Plan is $53,453.00 plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 06/2023 | 12/2027 | $938.00 | $0.00 | $938.00 | $51,590.00 |
| | | | | **Total Payments:** | $53,453.00 |

2. If the Plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payment and the Plan funding. Debtor must pay all post-petition mortgage payments that have come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the Plan.

4. CHECK ONE:
☐ Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*
☒ Debtor is over median income. Debtor estimates that a minimum of $7,131.60 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding from Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances is before the deduction of Trustee fees and priority claims.)

   CHECK ONE:
   ☒ No assets will be liquidated. *If this line is checked, skip §1.B.2 and complete §1.B.3, if applicable.*
   ☐ Certain assets will be liquidated as follows:

2. In addition to the above specified Plan payments, Debtor shall dedicate to the Plan proceeds in the estimated amount of $0.00 from the sale of property known and designated as        . All sales shall be completed by      , 20   . If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS**

   A. **Pre-Confirmation Distributions** *Check One*

   ☒ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*
   ☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a Proof of Claim has been filed as soon as practicable after receipt of said payments from the Debtor.

   | Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
   |---|---|---|
   |  |  |  |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial Plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor** *Check One*

☐ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*
☒ Payments will be made by the Debtor directly to the Creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the Plan if not avoided or paid in full under the Plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Specialized Loan Servicing | 3965 Eldine Avenue York, PA 17408 | 7021 |
| M&T Bank | 3965 Eldine Avenue York, PA 17408 | 4998 |
| Exeter Finance | 2016 Acura MDX | |

C. **Arrears (Including, but not limited to, Claims Secured by Debtor's Principal Residence)** *Check One*

☐ None. *If "None" is checked, the rest of §2.C need not be completed or reproduced.*
☒ The Trustee shall distribute to each Creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the Creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| Specialized Loan Servicing | 3965 Eldine Avenue York, PA 17408 | $29,559.13 | $0.00 | $29,559.13 |
| M&T Bank | 3965 Eldine Avenue York, PA 17408 | $2,456.96 | $0.00 | $2,456.96 |

D. **Other Secured Claims (Conduit Payments and Claims for Which a §506 Valuation is Not Acceptable, etc.)** *Check One*

☒ None. *If "None" is checked, the rest of §2.D need not be completed or reproduced.*
☐ The claims below are secured claims for which a §506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition dated and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law discharge under §1328 of the Code.

2. In addition to payments of the allowed secured claim, present value interest pursuant to 11 U.S.C §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the Court will determine the present value interest rate and amount at the Confirmation Hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |

**E. Secured Claims for Which a §506 Valuation is Applicable** *Check One*

☒ None. *If "None" is checked, the rest of §2.E need not be completed or reproduced.*

☐ Claims listed in the subsection are debts secured by property not described in §2.D of this Plan. These claims will be paid in the Plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the Creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the Plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity or the allowed secured claim for each claim listed below will be determined by the Court at the Confirmation Hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary, or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  | Choose an item. |

**F. Surrender of Collateral** *Check One*

☒ None. *If "None" is checked, the rest of §2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each Creditor listed below in the collateral that secures the Creditor's claim. The Debtor requests that upon confirmation of this Plan or upon approval of any modified plan, the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |

**G. Lien Avoidance** *Do not use for mortgages or for statutory liens, such as tax liens. Check One of the Following Lines*

☒ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*

☐ The Debtor moves to void the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to §522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | |
| --- | --- |
| Lien Description<br>for Judicial Liens, include court and docket number | |
| Description of Liened Property | |
| Liened Asset Value | |
| Sum of Senior Liens | |
| Exemption Claim | |
| Amount of Lien | |
| Amount Avoided | |

3. **PRIORITY CLAIMS**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's Fees</u>. *Complete Only One of the Following Options*

      a. In addition to the retainer of $331.00 already paid by the Debtor, the amount of $4,169.00 in the Plan. This represents the unpaid balance of the presumptively reasonable fee specified in LBR 2016-2(c); or
      b. $            per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between Debtor and the Attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to LBR 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check One*

      ☒ None. *If "None" is checked, the rest of §3.A.3 need not be completed or reproduced.*
      ☐ The following administrative claims will be paid in full:

| **Name of Creditor** | **Estimated Total Payment** |
| --- | --- |
| | |

   B. **Priority Claims (including certain Domestic Support Obligations)**

   Allowed unsecured claims entitled to priority under §1322(a) will be paid in full unless modified under §9

| **Name of Creditor** | **Estimated Total Payment** |
| --- | --- |
| | |

   C. **Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. §507(1)(a)(B)** Check *One*

      ☒ None. *If "None" is checked, the rest of §3.C need not be completed or reproduced.*
      ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This Plan provision requires that payments in §1.A be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**4. UNSECURED CLAIM**

   **A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>** *Check One*

     ☒ None. *If "None" is checked, the rest of §4.A need not be completed or reproduced.*

     ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the Proof of Claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES** *Check One*

     ☒ None. *If "None" is checked, the rest of §5 need not be completed or reproduced.*

     ☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the Plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | Choose an item. |

**6. VESTING OF PROPERTY OF THE ESTATE**
**Property of the estate will vest in the Debtor upon:** *Check the Applicable Line*

     ☐ Plan Confirmation
     ☒ Entry of Discharge
     ☐ Closing of Case

**7. DISCHARGE** *Check One*

     ☒ The Debtor will seek a discharge pursuant to §1328(a).

     ☐ The Debtor is not eligible for a discharge because the Debtor has previously received a discharge described in §1328(f).

8.  **ORDER OF DISTRUBITION**

    If a pre-petition Creditor files a secured, priority or specifically classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

    Payments from the Plan will be made by the Trustee in the following order:
    Level 1: _____
    Level 2: _____
    Level 3: _____
    Level 4: _____
    Level 5: _____
    Level 6: _____
    Level 7: _____
    Level 8: _____

    *If the above levels are filled in, the rest of §8 need not be completed or produced.* If the above levels are not filled-in, then the Order of Distribution of Plan payments will be determined by the Trustee using the following as a guide:

    Level 1: adequate protection payments
    Level 2: Debtor's attorney's fees
    Level 3: Domestic Support Obligations
    Level 4: priority claims, pro rata
    Level 5: secured claims, pro rata
    Level 6: specifically classified unsecured claims
    Level 7: timely filed general unsecured claims
    Level 8: untimely filed general unsecured claims to which the Debtor has not objected

9.  **NONSTANDARD PLAN PROVISIONS**

    **Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the Plan is void. (NOTE: The Plan and any attachment must be filed as one document, not as a Plan and Exhibit.)**

Dated: 06/23/2023

/s/ Paul D. Murphy-Ahles
Attorney for Debtor

/s/ Donald Jacob Burrs, Jr.
Debtor 1

/s/ Joyce Melinda Burrs
Debtor 2

By filing this document, the Debtor, if not represented by an Attorney, or the Attorney for Debtor also certifies that this Plan contains no nonstandard provisions other than those set out in §9.

Page 7 of 7

Case 1:22-bk-02516-HWV    Doc 47    Filed 06/23/23    Entered 06/23/23 12:31:58    Desc
Main Document    Page 7 of 12

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade:

| | |
|---|---|
| Donald Jacob Burrs, Jr.<br>a/k/a Donald Jacob Burrs<br>**Debtor 1**<br>Joyce Melinda Burrs<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:22-BK-02516-HWV<br><br>**Matter:** Second Amended Plan |

## NOTICE

Notice is hereby given that:

The Debtor(s) filed a Chapter 13 Bankruptcy Petition on **December 31, 2022**.

A hearing on the above-referenced matter has been scheduled for:

| | |
|---|---|
| **United States Bankruptcy Court**<br>**Sylvia H. Rambo US Courthouse**<br>**1501 North Sixth Street, Courtroom 8**<br>**Harrisburg, PA 17102** | **Date: August 2, 2023**<br><br>**Time: 9:30 AM** |

Any objection/response to the above-referenced matter must be filed and served on or before **July 26, 2023**.

*Evidentiary hearings will not be conducted at the time of the Confirmation Hearing. If it is determined at the Confirmation Hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.*

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Request to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: June 23, 2023

Paul D. Murphy-Ahles, Esquire
PA ID No. 201207
DETHLEFS PYKOSH & MURPHY
2132 Market Street
Camp Hill, PA 17011
(717) 975-9446
pmurphy@dplglaw.com
*Attorney for Debtor(s)*

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Donald Jacob Burrs, Jr.<br>a/k/a Donald Jacob Burrs<br>**Debtor 1**<br>Joyce Melinda Burrs<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:22-BK-02516-HWV<br><br>**Matter:** Second Amended Plan |

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, June 23, 2023, I served a true and correct copy of the **Second Amended Chapter 13 Plan and Notice of Opportunity to Object and Hearing** in this proceeding via electronic means or USPS First Class Mail upon the recipients as listed in the Mailing Matrix.

/s/ Kathryn S. Greene

Kathryn S. Greene, RP®, Pa.C.P.
Paralegal for Paul D. Murphy-Ahles, Esquire

Label Matrix for local noticing
0314-1
Case 1:22-bk-02516-HWV
Middle District of Pennsylvania
Harrisburg
Fri Jun 23 12:28:00 EDT 2023

Exeter Finance LLC, c/o AIS Portfolio Servic
4515 N Santa Fe Ave Dept. APS
Oklahoma City, OK 73118-7901

M&T Bank
PO Box 1508
Buffalo, NY 14240-1508

Specialized Loan Servicing LLC
14841 Dallas Parkway, Suite 425
Dallas, TX 75254-8067

U.S. Bankruptcy Court
Sylvia H. Rambo US Courthouse
1501 N. 6th Street
Harrisburg, PA 17102-1104

(p)AR RESOURCES INC
PO BOX 1056
BLUE BELL PA 19422-0287

(p)ASPEN DENTAL
PO BOX 1578
ALBANY NY 12201-1578

Cancer Care Associates of York
25 Monument Road, Suite 294
York, PA 17403-5049

Capital One Bank / Kohl's
N56 West 17000 Ridgewood Drive
Menomonee Falls, WI 53051

Capital One Bank USA, NA
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

(p)JPMORGAN CHASE BANK N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Comenity Bank / Big Lots
Attn: Bankruptcy Department
PO Box 183043
Columbus, OH 43218-3043

Comenity Bank / IKEA
Attn: Bankruptcy Department
PO Box 182125
Columbus, OH 43218-2125

Comenity Bank / Wayfair
Attn: Bankruptcy Department
PO Box 182125
Columbus, OH 43218-2125

Dermatology & Skin Surgery Center
400 Pine Grove Commons
York, PA 17403-5161

Exeter Finance LLC
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Exeter Finance LLC
PO Box 650693
Dallas, TX 75265-0693

Johns Hopkins Medicine
PO Box 417714
Boston, MA 02241-7714

KML Law Group, PC
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106-1541

Kennedy Krieger Institute
PO Box 198728
Atlanta, GA 30384-8728

LOGS Legal Group, LLP
3600 Harizon Drive, Suite 150
King of Prussia, PA 19406-4702

M&T Bank
PO Box 1508, Buffalo, NY 14240

M&T Bank
Attn: Legal Document Processing
626 Commerce Drive
Amherst, NY 14228-2391

Midland Credit Management, Inc.
8875 Aero Drive, Suite 200
PO Box 939069
San Diego, CA 92193-9069

Nationwide Credit, Inc.
PO Box 14581
Des Moines, IA 50306-3581

Pinnacle Health
PO Box 826813
Philadelphia, PA 19182-6813

Quantum3 Group LLC as agent for
MOMA Trust LLC
PO Box 788
Kirkland, WA 98083-0788

RAS Crane & Partners, PLLC
130 Clinton Rd #202
Fairfield, NJ 07004-2927

Snap-On Credit, LLC
850 Technology Way, Suite 301
Libertyville, IL 60048-5350

| | | |
|---|---|---|
| Specialized Loan Servicing LLC<br>6200 S Quebec Street, Suite 300<br>Greenwood Village, Colorado 80111-4720<br>DUPLICATE | Specialized Loan Servicing, LLC<br>8742 Lucent Boulevard, Suite 300<br>Highlands Ranch, CO 80129-2386<br>DUPLICATE | Sunrise Credit Services, Inc.<br>PO Box 9100<br>Farmingdale, NY 11735-9100 |
| The Bureaus, Inc.<br>650 Dundee Road, Suite 370<br>Northbrook, IL 60062-2757 | United States Trustee<br>228 Walnut Street, Suite 1190<br>Harrisburg, PA 17101-1722<br>ELECTRONIC | WellSpan Health<br>PO Box 742641<br>Cincinnati, OH 45274-2641 |
| York Credit Bureau<br>33 South Duke Street<br>York, PA 17401-1401 | York ENT Associate<br>924 Colonial Avenue, Suite E<br>York, PA 17403-3450 | Donald Jacob Burrs Jr.<br>3965 Eldine Avenue<br>York, PA 17408-9328 |
| (p)JACK N  ZAHAROPOULOS<br>ATTN CHAPTER 13 TRUSTEE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036-8625<br>ELECTRONIC | Joyce Melinda Burrs<br>3965 Eldine Avenue<br>York, PA 17408-9328 | Paul Donald Murphy-Ahles<br>Dethlefs Pykosh & Murphy<br>2132 Market Street<br>Camp Hill, PA 17011-4706<br>ELECTRONIC |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| AR Resources<br>1777 Sentry Parkway West<br>Blue Bell, PA 19422 | Aspen Dental<br>PO Box 1578<br>Albany, NY 12201 | Chase Card<br>PO Box 15298<br>Wilmington, DE 19850 |
| Jack N Zaharopoulos<br>Standing Chapter 13<br>(Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Exeter Finacial

End of Label Matrix
Mailable recipients     41
Bypassed recipients      1
Total                   42